HOGAN v ALLSTATE INSURANCE COMPANY

Docket No. 60479. Submitted October 13, 1982, at Detroit.—Decided January 11, 1983.

Shasta Hogan was injured while crossing a street when she was struck by a vehicle driven by an unidentified hit and run driver. At the time of the accident Miss Hogan was a member of her father's household. Her father was insured by Allstate Insurance Company. Miss Hogan filed suit in Wayne Circuit Court against Allstate over one year after the accident. The court, Thomas J. Foley, J., granted accelerated judgment for the defendant based on the applicable statute of limitations. The plaintiff appealed. *Held:*

Sufficient evidence existed from which a trier of fact could determine that plaintiff's medical treatment after the accident caused mental incapacity which interfered with her ability to meaningfully comprehend her legal rights. Such incapacity would toll the running of the limitations period. The question of whether an individual suffers from a mental condition such as would prevent her from comprehending rights that she is bound to know is an ultimate question of fact for the jury where reasonable minds may differ. The trial court's order granting accelerated judgment should be reversed.

Reversed and remanded.

1. INSURANCE — NO-FAULT INSURANCE — PERSONAL PROTECTION BEN-
   EFITS — STATUTE OF LIMITATIONS — STATUTES.

   A provision of the no-fault automobile insurance act which provides that certain actions for recovery of personal protection benefits for accidental bodily injury may not be commenced later than one year after the date of the accident causing the injury, unless written notice of the injury has been given to the insurer within one year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury, is a one-year statute of limitations

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 7 Am Jur 2d, Automobile Insurance § 401.
    44 Am Jur 2d, Insurance §§ 1883-1885.
[3] 75 Am Jur 2d, Trial § 364.

with a provision enabling claimants to extend the period for up to one additional year by giving notice (MCL 500.3145[1]; MSA 24.13145[1]).

2. INSURANCE — NO-FAULT INSURANCE — STATUTE OF LIMITATIONS.

The general saving provisions of the Revised Judicature Act apply to causes of action created by Michigan statutes; thus, the saving provision that a statute of limitations is tolled where the plaintiff suffers a condition of mental derangement such as to prevent the sufferer from comprehending rights she is otherwise bound to know is applicable to the no-fault automobile insurance act, which contains its own statute of limitations (MCL 500.3145, 600.5851; MSA 24.13145, 27A.5851).

3. JURY — QUESTIONS OF FACT — MENTAL CONDITION.

The question of whether an individual suffers from a mental condition such as would prevent her from comprehending rights that she is bound to know is an ultimate question of fact for the jury where reasonable minds may differ.

*Harris & Marcks, P.C.* (by *John G. Mooney*), for plaintiff.

*Mitchell & Leon* (by *Dora P. Primus*), for defendant.

Before: T. M. BURNS, P.J., and V. J. BRENNAN and WAHLS, JJ.

PER CURIAM. Plaintiff appeals as of right an order of the trial court which granted defendant's motion for accelerated judgment, GCR 1963, 116.1(5), on the basis that plaintiff failed to file this action within the applicable statute of limitations period. As a pedestrian, plaintiff was struck while crossing the street by an unidentified hit and run driver. As a result of the accident, she sustained serious personal injuries requiring hospitalization for a period of four months. At the time of the accident, plaintiff was a member of the household of her father, who was insured by the defendant.

The accident occurred on May 29, 1980. Plaintiff filed her complaint under Michigan's no-fault statute, MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.;* on August 5, 1981, one year, two months and seven days after the accident. The statute of limitations period applicable to no-fault actions is one year. MCL 500.3145; MSA 24.13145; *Dozier v State Farm Mutual Automobile Ins Co,* 95 Mich App 121, 126-127; 290 NW2d 408 (1980), *lv den* 409 Mich 911 (1980).

At the hearing on defendant's motion for accelerated judgment, plaintiff relied upon the general savings provision of the Revised Judicature Act, MCL 600.5851; MSA 27A.5851, arguing that the physical injuries suffered by her as a result of the accident interfered with her ability to fully comprehend her legal rights. MCL 600.5851; MSA 27A.5851 provides that one of the conditions under which a statute of limitations is tolled is where the plaintiff suffers "a condition of mental derangement such as to prevent the sufferer from comprehending rights he is otherwise bound to know". This general savings provision is applicable to the one-year limitation period imposed by the no-fault statute. *Hartman v Ins Co of North America,* 106 Mich App 731, 743; 308 NW2d 625 (1981); *Rawlins v Aetna Casualty & Surety Co,* 92 Mich App 268, 275; 284 NW2d 782 (1979).

Without conducting an evidentiary hearing, the trial court rejected plaintiff's contention and ruled as a matter of law that plaintiff's capacity to comprehend her legal rights was not affected by her injuries.

Where reasonable minds may differ on whether an individual suffered from a mental condition such as would prevent her from comprehending rights she is bound to know, that issue becomes an

ultimate question of fact for the jury. *Davidson v Baker-Vander Veen Construction Co,* 35 Mich App 293; 192 NW2d 312 (1971), *lv den* 386 Mich 756 (1971). See also *Hill v Clark Equipment Co,* 42 Mich App 405; 202 NW2d 530 (1972), *lv den* 388 Mich 801 (1972), and *Carver v Ford Motor Co,* 108 Mich App 359; 310 NW2d 47 (1981).

A careful review of the record in this case discloses that sufficient evidence exists from which a trier of fact could determine that plaintiff's medical treatment after the accident caused mental incapacity which interfered with her ability to meaningfully comprehend her legal rights. Plaintiff's injuries were so traumatic that they resulted in her being placed in full traction and a body cast for an extended period of time.

Therefore, we reverse the trial court's order granting accelerated judgment in favor of defendant and remand for trial on all questions including plaintiff's incapacity.

Reversed and remanded.