**Fredericka FARRIS, et al., Plaintiffs,**

v.

**John W. COMPTON, Ph.D., Defendant.**

**Civ. A. No. 91–1509.**

United States District Court,
District of Columbia.

Sept. 4, 1992.

**488**

Keith A. Rosenberg, Washington, D.C., for plaintiffs.

John W. Karr, Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

JACKSON, District Judge.

In this disturbing diversity action to recover money damages for personal injury, the plaintiffs Fredericka Farris and Sara Fellez, adult sisters (ages 44 and 47) living in California and Hawaii, respectively, charge the defendant John W. Compton, their older brother (aged 51) with having sexually abused them during their childhood and adolescent years while growing up together in Washington, D.C., in the 1950's and 1960's.[1]

■ Almost a quarter century at the least having elapsed between the acts complained of and the filing of this complaint, the defendant moves to dismiss the action in advance of answer on limitations grounds. The parties are agreed that the statute of limitations of the pertinent jurisdiction is that of District of Columbia, D.C.Code, Sec. 12–301 (1981 ed.), which provides in relevant part that various civil actions for damages "may not be brought after the expiration of [either one or three years, depending on the nature of the ac-

tion] from the time the right to maintain the action accrues." Under controlling District of Columbia precedents the right to maintain an action for injury to the person "accrues" when "injury result[s]" from a prospective defendant's wrongful conduct. *See Hanna v. Fletcher*, 97 U.S.App.D.C. 310, 313, 231 F.2d 469, 472 (D.C.Cir.), *cert. denied*, 351 U.S. 989, 76 S.Ct. 1051, 100 L.Ed. 1501 (1956). But when "the fact of injury [is] not readily apparent and ... might not become apparent for several years after the incident causing injury has occurred," *Ehrenhaft v. Malcolm Price, Inc.*, 483 A.2d 1192, 1201 (D.C.1984), the District of Columbia courts follow the so-called "discovery rule" by which the limitations period will not commence to run until the injury ought to be apparent, or "when the plaintiff knows or through the exercise of due diligence should have known of the injury." *Burns v. Bell*, 409 A.2d 614, 617 (D.C.1979).

■ Ms. Farris and Ms. Fellez assert that they did not "know" of their injuries in the limitations sense until 1990, each having unconsciously repressed all recollection of her ordeal at the hands of her brother for many years. It was separately revealed to each of them, they allege, in the independent courses of psychotherapy they embarked upon to relieve the seemingly idiopathic mental anguish they were suffering. Ms. Fellez became aware of, or more precisely rediscovered, the unpleasant events in her memory in January of 1990; not until August, 1990, did Ms. Farris reawaken to them. Their joint complaint in this court was filed June 19, 1991, ostensibly within the year following Ms. Farris' recovery of consciousness of the wrongs done her. Ms. Fellez' complaint is, of course, dependent upon there being a three-year limitations period to govern the time within which her action must be

---

**1.** Specifically, Compton is alleged, by means of mental and physical coercion, to have had sexual intercourse with his sisters, to have "sodomized" them, and to have forced them to have sex with his "friends" for money, from the time he was about 12 years of age until he was fully grown. Sara and Fredericka are Compton's juniors by four and eight years, respectively. Al-

though the complaint is vague as to when the alleged abuse actually ceased, it is implicit, in the allegation that it continued through the plaintiffs' "teenage years" (Complaint, paras. 4, 5), that it had ceased at the latest by the time the younger of them had reached the age of 21, or October, 1969. The instant complaint was filed in June, 1991, nearly 22 years later.

brought, even with benefit of the discovery rule. But for all those intervening years during which they suffered in troubled ignorance of the origin of their distress, they ask to be relieved of the consequences of the passage of time insofar as it might bar their recovery from the one whom they believe to have violated them.[2]

■ The District of Columbia Court of Appeals has been receptive to the extension of the discovery rule when appropriate to claims other than the medical malpractice cases in which it was first applied. It has also expressed approval of the rule's use by federal courts in product liability and latent disease diversity cases governed by District of Columbia law, and has employed the discovery rule itself to sustain the viability of other professional malfeasance claims, and even breach of contract claims, which might otherwise have been time-barred. *See, generally, Ehrenhaft v. Malcolm Price, Inc., supra,* 483 A.2d at 1201–02. And, although the District of Columbia Court of Appeals has apparently not had occasion to consider whether the discovery rule should toll the statute of limitations when memory loss is offered to excuse a dilatory complaint, it is by no means certain that it would not so hold. Assuming, as this Court must at this stage of the proceedings, that the phenomenon of total repression of unpleasant memories is a genuine and provable morbid condition, it does represent an innocent explanation for the plaintiffs' failure to file an action for damages earlier.[3]

Nevertheless, it should be noted that in each of the categories of cases in which the District of Columbia Court of Appeals has allowed the discovery rule to extend the interval between a defendant's wrongful conduct and the temporal deadline fixed by statute for a plaintiff to file an action to recover for it, two factors have been present: (1) a relationship between the plaintiff and defendant at the time the wrong was committed that justified the former's reliance upon the latter's skill or superior knowledge to refrain from causing harm; and (2) a perceptible or palpable injury, the existence of which a trier of fact can independently and objectively verify at time of trial.

■ The *Ehrenhaft* court, for example, alluded indirectly to both factors in finding the discovery rule applicable in a suit for defective construction of an addition to a home, filed approximately five years after the work had been completed. The defendants presumably knew how to do the work properly, as the plaintiffs did not, and the plaintiffs had simply trusted in the defendants' good faith and expertise for longer than they might otherwise have done with peers. Balancing the interest of the plaintiffs in obtaining redress for a clearly discernible problem belatedly made apparent to them against the potential prejudice to the defendants in resisting a somewhat stale claim, the *Ehrenhaft* court found the former more compelling. As it did so, however, it reflected upon the "pragmatic purposes" underlying statutes of limitations.

---

**2.** There are, it appears, no District of Columbia precedents, either as to the descriptive term for the form of action by which the presumably tortious character of the defendant's alleged conduct might be redressed, or as to the availability of equitable tolling of the statute of limitations in such circumstances. The complaint is drawn in multiple counts, each of which reiterate the factual allegations under a different label for a discrete tort presently or potentially cognizable as such under District of Columbia law.

The District of Columbia Court of Appeals has held it to be "well settled," however, that a plaintiff's characterization of a claim is not controlling in determining the applicable statute of limitations. *Saunders v. Nemati,* 580 A.2d 660, 661 (D.C.1990). And a federal court applying District of Columbia law in a diversity case is

not at liberty to recognize a new cause of action, or expand upon an established one, to enable plaintiffs to avail themselves of a more favorable statute of limitations. *Bouchet v. National Urban League, Inc.,* 730 F.2d 799, 807 (D.C.Cir. 1984). The gravamen of the wrongful conduct charged to the defendant is that of intentionally causing offensive physical contact to be made to the plaintiffs' persons, the essence of a common law battery for which District of Columbia statutory law expressly prescribes a one-year limitations period. D.C.Code, § 12–301(4). *See Maddox v. Bano,* 422 A.2d 763, 764–65 (D.C.1980); *Kelton v. District of Columbia,* 413 A.2d 919, 922 (D.C.1980).

**3.** *But see Taylor v. Houston,* 93 U.S.App.D.C. 391, 211 F.2d 427 (D.C.Cir.1954).

As statutes of repose, "[t]hey protect defendants *and the courts* from having to deal with cases in which the search for truth may be seriously impaired by the loss of evidence." *Ehrenhaft,* 483 A.2d at 1202. (citing *United States v. Kubrick,* 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979); emphasis added). The statute of limitations is in essence as much a prophylactic measure intended to protect the integrity of the administration of justice as it is an absolution of wrongdoers not called to account quickly enough by their victims.

Neither of the factors mentioned above is to be found in the instant case. The sexual abuse of which these plaintiffs accuse the defendant continued far beyond their childhood years when it might be reasonable to assume that they were unaware of its wrongful character or how to stop it. It was, moreover, being perpetrated by a sibling not much older than they, not a person *in loco parentis.* Finally, the resultant injury for which damages are sought is psychic alone. Expert testimony might prove the existence of the plaintiffs' subjective beliefs as to the cause of their distress, but it can give no assurance that those beliefs are grounded in reality. Evidence to that effect, if it exists at all today, is of doubtful reliability.

Of the several courts elsewhere having considered this recently arrived issue in the law of torts, this Court is most persuaded by the wisdom of the majority opinion of the Supreme Court of Washington, sitting *en banc,* in *Tyson v. Tyson,* 107 Wash.2d 72, 727 P.2d 226 (1986). While acknowledging the most grievous harm that sexual abuse of children by their elders in the family can inflict, the *Tyson* court nevertheless recognized the practical inability of a judicial system to be confident of the justice it dispenses upon claims so long dormant and with so little able to be shown in the way of objective verification of the fact of injury. *See Tyson,* 727 P.2d at 227–230.

For this Court's purposes, it is thus unnecessary to decide whether the one-year or three-year limitations period applies, because the Court concludes that the discov-ery rule as it is found in the District of Columbia does not allow the years that have elapsed while these plaintiffs remained oblivious of wrongs allegedly done to them to be subtracted from the limitations calculation. Their respective claims are, therefore, in this Court's judgment, brought many years out of time.

Lacking further guidance at the moment from either the legislature or the D.C. Circuit and District of Columbia Courts of Appeal, this Court holds as a matter of law that this complaint, and all claims therein, is untimely brought and will dismiss the complaint in its entirety. It is, therefore, this 4th day of September, 1992,

ORDERED, that the motion of defendant John W. Compton to dismiss the complaint is granted, and the complaint is dismissed with prejudice.