## LEMMERMAN v FEALK

Docket No. 131850. Submitted December 16, 1992, at Detroit. Decided September 20, 1993, at 9:30 A.M. Leave to appeal sought.

Marlene Lemmerman brought an action in the Oakland Circuit Court against the estate of Benjamin Fealk, Bella Fealk, and Rachael Levy, seeking damages on the basis of the theories of assault and battery, negligence, and tortious infliction of emotional distress and alleging that Benjamin Fealk, her father, and Rachael Levy, her aunt, physically and sexually assaulted her as a child and Bella Fealk, her mother, physically abused her and knew or should have known of the other alleged acts of abuse. The plaintiff averred that she had repressed completely any memory of the alleged acts of abuse from the time of the occurrence in her early childhood until about a year before the action was brought, when she was fifty-four years of age. Bella Fealk and Rachael Levy moved for summary disposition on the basis of the running of the limitation period. The court, Robert L. Templin, J., granted summary disposition for the defendants and dismissed the plaintiff's complaint, holding that the plaintiff's claim was barred by the statute of limitations because there was no corroboration of her claim of physical and sexual abuse. The plaintiff appealed.

The Court of Appeals *held*:

1. Application of the delayed-discovery rule is appropriate in a case such as this where there is the allegation of childhood abuse followed by repression of the memory of that abuse. There is no need to offer corroborating evidence of the alleged abuse before seeking application of the delayed-discovery rule. Accordingly, the action was timely if it was brought within the statutory period after the plaintiff discovered, or in the exercise of reasonable diligence should have discovered, her injury and its likely cause. Because there exists a question of fact concerning when the plaintiff knew or should have known that she had

REFERENCES

Am Jur 2d, Limitation of Actions §§ 107, 109, 135, 146, 147, 177, 178, 181, 182.

Running of limitations against action for civil damages for sexual abuse of child. 9 ALR5th 321.

a cause of action, the trial court erred in granting summary disposition.

2. Even if the delayed-discovery rule were inapplicable, summary disposition would have been inappropriate. A person under a disability has one year after the disability is removed to bring an action. Because repression of childhood memories, such as is alleged here, is insanity within the meaning of the tolling provision and there is a jury question concerning when the disability was removed, summary disposition was inappropriate.

3. Service of the summons and complaint on the defendants was timely.

Reversed and remanded.

1. LIMITATION OF ACTIONS — MINORS — SEXUAL ABUSE — REPRESSION OF MEMORY — ACCRUAL OF ACTIONS.

An action by an adult for damages resulting from alleged sexual abuse that occurred during childhood, the memory of which allegedly was repressed, accrues when the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the injury and its likely cause; evidence corroborating the sexual abuse is not necessary to the application of the delayed-discovery rule.

2. LIMITATION OF ACTIONS — REPRESSION OF MEMORY — INSANITY.

Repression of the memory of childhood sexual abuse is insanity within the meaning of the statute that extends the period of limitation within which to bring an action to one year from the date the disability of insanity is removed (MCL 600.5851; MSA 27A.5851).

*Rogers & Twanmoh, P.C.* (by *Lore A. Rogers*), for the plaintiff.

*Bruce J. Lazar,* for Bella Fealk.

*Provizer, Lichtenstein, Pearlman & Phillips, P.C.* (by *Martin N. Fealk*), for Rachael Levy.

Before: JANSEN, P.J., and MURPHY and MARILYN KELLY, JJ.

MARILYN KELLY, J. This case questions whether plaintiff is barred by expiration of the applicable

statutory period of limitations from bringing an action for sexual abuse occurring during her minority. Plaintiff has appealed as of right from an order of the Oakland Circuit Court granting summary disposition to defendants under MCR 2.116(C)(7). She argues that the trial court erred in ruling that the statute of limitations barred her claim. She argues that the delayed discovery rule should apply to her, an adult who was sexually abused as a child. She asserts, also, that the statutory period of limitations was tolled during the long period during which she repressed the abuse. We reverse.

Plaintiff, a fifty-four-year-old female, filed suit against her mother, her father's estate and her aunt for assault and battery, negligence and tortious infliction of emotional distress. She alleged that her father, Benjamin Fealk, and her aunt, Rachael Levy, physically and sexually abused her from the time she was three until she reached puberty. She claimed that her mother, Bella Fealk, physically abused her, and knew or should have known of the other alleged abuse. Plaintiff declares that she repressed memories of the abuse until 1989.

In March, 1989, plaintiff avers that she began having flashbacks about the sexual abuse. On May 19, 1989, she confronted her father in his hospital room. She showed him pictures of herself as an infant and toddler and said to him, "You did something very bad to this little girl." He replied, "I'm sorry. I loved you so much. You were so beautiful and intelligent." He believed, plaintiff says, that God would never forgive him. As a result of intensive therapy, plaintiff relates that she has since remembered additional instances of abuse.

The trial court granted defendants' motion for

summary disposition, because plaintiff lacked corroboration of her allegations of physical and sexual abuse. See *Meiers-Post v Schafer*, 170 Mich App 174; 427 NW2d 606 (1988).

I

A

The statutory period of limitations for assault and battery is two years from the time a claim accrues. MCL 600.5805(2); MSA 27A.5805(2). The limitations period for personal injuries is three years from the date of accrual. MCL 600.5805(8); MSA 27A.5805(8). Policy considerations behind the enactment of statutes of limitation are: 1) recovering damages promptly; 2) penalizing plaintiffs who are not industrious in pursuing their claims; 3) providing security against stale demands; 4) relieving defendants' fear of litigation; 5) preventing fraudulent claims; and 6) providing a remedy for the general inconvenience resulting from delay. *Nielsen v Barnett*, 440 Mich 1, 8-9; 485 NW2d 666 (1992).

Generally, a claim accrues when all the elements have occurred and can be alleged in a proper complaint. *Moll v Abbott Laboratories*, 192 Mich App 724, 730; 482 NW2d 197 (1992), lv gtd 441 Mich 878 (1992), citing *Connelly v Paul Ruddy's Equipment Repair & Service, Co*, 388 Mich 146, 150; 200 NW2d 70 (1972). Once the elements of a cause of action for personal injury are present, including the element of damages, the claim accrues and the statute of limitations begins to run. *Connelly*, 151.

The trial court in this case granted summary disposition, finding that plaintiff's claim was precluded by the holding in the *Meiers-Post* case. In *Meiers-Post*, a thirty-year-old plaintiff filed suit

claiming to have been sexually abused while a teenager. The Court held

> that the statute of limitations can be tolled under the insanity clause if (a) plaintiff can make out a case that she has repressed the memory of the facts upon which her claim is predicated, such that she could not have been aware of rights she was otherwise bound to know, and (b) there is corroboration for plaintiff's testimony that the sexual assault occurred. [*Id.*, 182-183; MCL 600.5851(1); MSA 27A.5851(1).]

In *Meiers-Post,* the Court specifically indicated that it did not need to decide whether a less restrictive rule was justified, since the plaintiff's claim was corroborated by her abuser. *Id.,* 176, 182. Here, we do need to decide if a less restrictive rule is justified, because there is no corroboration.

### B

In certain circumstances, Michigan has applied the "delayed discovery rule" in determining when a claim has accrued. A cause of action accrues under the rule when the plaintiffs discover or, through the exercise of reasonable diligence, should have discovered the injury and its likely cause. *Moll,* 731. Our courts have used it most frequently in products liability actions. See *Bonney v Upjohn Co,* 129 Mich App 18, 31; 342 NW2d 551 (1983). However, the Supreme Court advises that it should be applied "when the situation requires it." *Larson v Johns-Manville Sales Corp,* 427 Mich 301, 310; 399 NW2d 1 (1986).

### C

In *Meiers-Post,* the Court did not specifically find

that the delayed discovery rule applies to claims brought by adults who repressed knowledge of their childhood sexual abuse. Instead, it indicated that running of the statutory period of limitations may be tolled under the disability insanity clause. MCL 600.5851(1); MSA 27A.5851(1). However, in making that decision, the Court relied on a Washington state supreme court case which interpreted the delayed discovery rule. *Tyson v Tyson,* 107 Wash 2d 72; 727 P2d 226 (1986). *Tyson* found the rule inapplicable except where there exists objective manifestation of the abuse alleged. *Tyson* was superseded by statute in Washington. See *North Coast Air Services, Ltd v Grumman Corp,* 111 Wash 2d 315; 759 P2d 405 (1988).

Although *Meiers-Post* relied on the delayed discovery rationale from *Tyson,* its holding did not turn on the applicability of the rule. *Meiers-Post* does not mandate that corroborating evidence be available before invocation of the delayed discovery rule, nor does any other Michigan case.

D

We find it illogical to require corroborating evidence under the delayed discovery rule. See *Osland v Osland,* 442 NW2d 907, 909 (ND, 1989), citing *Tyson* (Pearson, dissenting), 80. Mandating corroboration is inconsistent with the history of the rule's application. Fundamental fairness, not availability of objective evidence, has been "the linchpin of the discovery rule." *Tyson,* 82. A plaintiff should not be denied the benefit of the rule on the basis that he or she would have difficulty proving his or her case. Corroboration is a proof problem, not a requirement to be met before courts can apply the rule. Moreover, a cause of action should not be foreclosed merely because the

ultimate result hinges on the parties' credibility. *Id.,* 82-83.

E

Although we find no corroborating evidence is necessary under the delayed discovery rule, we must still determine whether the rule should apply to prevent running of the limitations period here. Other jurisdictions have used the delayed discovery rule to preclude expiration of the statutory period of limitations where adults repressed knowledge of sexual abuse occurring during their minority. See *Johnson v Johnson,* 701 F Supp 1363 (ND Ill, 1988); *Evans v Eckelman,* 216 Cal App 3d 1609; 265 Cal Rptr 605 (1990); *Hammer v Hammer,* 142 Wis App. 2d 257; 418 NW2d 23 (1987); *Osland, supra.*

In *Johnson,* the plaintiff alleged that, as a child, she was sexually abused by her father, and her mother failed to protect her. *Johnson, supra.* She claimed to have suppressed all memories of the abuse until years later. The federal district court denied the defendants' motion for summary disposition, ruling that Illinois courts would apply the delayed discovery rule to prevent running of the statutory limitations period. The court took cognizance of studies showing that as much as one third of the population has experienced some form of child sexual abuse. Moreover, a significant amount of it occurred within the family. *Id.,* 1370. Given the extensiveness of the problem, the federal judge concluded that Illinois courts would apply the discovery rule. Three years later, the Illinois state court did grant defendants' motion for summary disposition, because the Illinois legislature enacted a twelve year statute of repose for childhood sexual abuse claims. *Johnson v Johnson,* 766 F Supp 662 (ND Ill, 1991).

In *Evans*, the California court determined that dismissal was unwarranted, because it was conceivable that the complaint could be amended to show circumstances justifying use of the discovery rule. *Evans, supra.* It recognized that the psychological trauma attendant upon child sexual abuse is likely to activate repression mechanisms which can prevent a victim from consciously recognizing the abuse. *Id.,* 1615 Moreover, the plaintiffs in *Evans* had been molested by their foster father. The Court opined that the fact there is a fiduciary relationship between the parties may tip the balance in favor of allowing plaintiffs the benefit of the rule. *Id.,* 1616.

### F

The decision whether to apply the delayed discovery rule involves a balancing test. We balance the harm to a defendant of being sued on a stale claim against the harm to a plaintiff of being denied a remedy. *Tyson,* 107 Wash 2d 90. The goal is fundamental fairness. *Id.* Factors tipping the balance in favor of allowing a plaintiff benefit of the rule include: (1) the plaintiff's unawareness that the defendant breached a duty owed to her; (2) the plaintiff's trust in the defendant; (3) the defendant's sole control over the facts giving rise to the plaintiff's cause of action; and (4) the necessity of some triggering event which makes plaintiff aware of defendant's potential liability. *Id.*

### G

We agree with those jurisdictions which initially consider as more weighty the harm to the plaintiff denied a remedy than the harm to the defendant confronted with a stale claim. See *Johnson, supra;*

*Evans, supra; Hammer, supra; Osland, supra.* The fact that sexual molestation of children exists, is extensive and leaves deep scars on its victims can no longer be seriously questioned. Adults who have repressed child sexual abuse˙ bring to the courts unusual circumstances and injuries not readily conforming to the ordinary constructs on which periods of limitations are imposed. See *Petersen v Bruen,* 106 Nev 271, 281; 792 P2d 18 (1990).

In this case, it would be fundamentally unfair to bar plaintiff's claim. We should not penalize plaintiff for failing to pursue her claim earlier. Her allegation is that, because of repression of the abuse, she was unaware that defendants may have breached a duty owed to her. See *Nielsen,* 440 Mich 8-9. Considering the present broad acknowledgement that child sexual abuse can be suppressed, we believe that plaintiff's claims should not be sacrificed in favor of a policy discouraging stale claims. *Evans,* 216 Cal App 3d 1615; *Hammer,* 142 Wis App 2d 266; *Petersen,* 106 Nev 279.

We are concerned with the defendants' interest in being protected from litigation delayed through alleged repression of abuse. However, if plaintiff's allegations are well based, defendants had sole control over the facts giving rise both to plaintiff's cause of action and her repression of it. *Id.* Moreover, to protect parents or relatives at the expense of the children works an intolerable perversion of justice. See *Hammer,* 267. Finally, we believe that it will not encourage the wholesale filing of fraudulent claims to allow this plaintiff to bring a lawsuit at age fifty-four as opposed to age eighteen. *Id.*

H

Having determined that the discovery rule

should apply here, we must next determine whether the trial court properly granted summary disposition. As indicated earlier, a cause accrues under the discovery rule when the plaintiff discovers or, through the exercise of reasonable diligence, should have discovered the injury and its likely cause. *Moll,* 192 Mich App 731. To trigger running of the limitations period, the plaintiff need only have information that would lead a reasonable person to be aware, or after diligent inquiry to become aware, of (1) the injury and (2) a likely cause of the injury. *Id.* On the basis of the present record, we conclude that a question of fact exists regarding when plaintiff knew or should have known that she had a cause of action. Therefore, the trial court erred in granting summary disposition to defendants.

II

Even were the delayed discovery rule inapplicable under the facts of this case, we would nonetheless find summary disposition inappropriate. Someone under a disability has one year after the disability is removed to bring an action. MCL 600.5851; MSA 27A.5851. Insanity is a recognized disability. *Id.*

> [Insanity is a] condition of mental derangement such as to prevent the sufferer from comprehending rights he or she is otherwise bound to know and is not dependant on whether or not the person has been judicially declared to be insane. [MCL 600.5851(2); MSA 27A.5851(2).]

No cases prior to *Meiers-Post* required corroboration in order to apply the one-year grace period

provided under § 5851.[1] For the reasons stated above, we believe corroboration is an unnecessary restraint. Corroboration is an evidentiary question unrelated to the statute of limitations. *Tyson,* 232.

If reasonable minds could differ on whether an individual suffered from a mental condition, a question of fact exists for the jury. *Hogan v Allstate Ins Co,* 124 Mich App 465, 467-468; 335 NW2d 6 (1983). A jury question exists also if reasonable minds could differ on when the disability had been removed. On the facts of this case, reasonable minds could differ on both. Therefore, the trial court erred in granting summary disposition to defendants.

III

Defendants assert that plaintiff may not maintain her claim, because she failed to serve the complaint and summons in a timely fashion. MCL 600.5856; MSA 27A.5856. We conclude that the tolling provision in § 5856 does not affect plaintiff's action. The provision becomes relevant only when the statutory period of limitations has run, barring an action. See *Buscaino v Rhodes,* 385 Mich 474; 189 NW2d 202 (1971). Accepting plaintiff's allegations as true, the statutory period of limitations did not expire; therefore, § 5856 does not come into play. *Id.,* 481-482.

Reversed and remanded. We do not retain jurisdiction.

---

[1] A panel of this Court has recently held that § 5851 does not allow tolling of the general statute of limitations. It merely provides a year of grace. *Honig v Liddy,* 199 Mich App 1; 500 NW2d 745 (1993).