**Dean McCREARY, Appellant (Defendant),**

v.

**Pamela R. WEAST, Appellee (Plaintiff).**

No. 96-244.

Supreme Court of Wyoming.

Jan. 25, 1999.

---

Daniel R. Erd of David E. Arnold Law Offices, Rock Springs, and John P. LaBuda of Palmer & LaBuda, Rock Springs, for Appellant.

Robert J. Reese of Reese & Mathey, Green River, for Appellee.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN and TAYLOR,* JJ.

THOMAS, Justice.

To resolve the questions presented in this case, we are obliged to construe our statute of limitations relating to sexual assault on a minor, Wyo. Stat. § 1–3–105(b)(ii) (1997),[1]

---

\* Chief Justice at time of oral argument; retired November 2, 1998.

1. Wyo. Stat. § 1–3–105(b)(ii) provides:

(b) Notwithstanding subsection (a) of this section, a civil action based upon sexual assault as defined by W.S. 6–2–301(a)(v) against a minor may be brought within the later of:

(i) Eight (8) years after the minor's eighteenth birthday; or

(ii) Three (3) years after the discovery.

Wyo. Stat. § 6–2–301(a)(v) (Repl.1988) provides:

(a) As used in this article:

\* \* \*

(v) "Sexual assault" means any act made criminal pursuant to W.S. 6–2–302 through 6–2–305[.]

Wyo. Stat. §§ 6–2–302 through 6–2–304 (Repl. 1988) provided, prior to July 1, 1997:

**§ 6–2–302. Sexual assault in the first degree.**

(a) Any actor who inflicts sexual intrusion on a victim commits a sexual assault in the first degree if:

(i) The actor causes submission of the victim through the actual application, reasonably calculated to cause submission of the victim, of physical force or forcible confinement;

(ii) The actor causes submission of the victim by threat of death, serious bodily injury, extreme physical pain or kidnapping to be inflicted on anyone and the victim reasonably believes that the actor has the present ability to execute these threats;

(iii) The victim is physically helpless, and the actor knows or reasonably should know that the victim is physically helpless and that the victim has not consented; or

(iv) The actor knows or reasonably should know that the victim through a mental illness, mental deficiency or developmental disability is incapable of appraising the nature of the victim's conduct.

**§ 6–2–303. Sexual assault in the second degree.**

(a) Any actor who inflicts sexual intrusion on a victim commits sexual assault in the second degree if, under circumstances not constituting sexual assault in the first degree:

(i) The actor causes submission of the victim by threatening to retaliate in the future against the victim or the victim's spouse, parents, brothers, sisters or children, and the victim reasonably believes the actor will execute this threat. "To retaliate" includes threats of kidnapping, death, serious bodily injury or extreme physical pain;

(ii) The actor causes submission of the victim by any means that would prevent resistance by a victim of ordinary resolution;

(iii) The actor administers, or knows that someone else administered to the victim, without the prior knowledge or consent of the victim, any substance which substantially impairs the victim's power to appraise or control his conduct;

and we must scrutinize the procedure that the trial court invoked for resolving the application of the statute of limitations. The issues arise out of a verdict and judgment in favor of Pamela R. Weast (Weast) for damages attributable to sexual assaults committed upon her during her minority. The trial judge permitted the jury to determine the application of the statute of limitations without any guidance with respect to the law. We hold that the trial judge did not meet his well-settled duty with respect to the statute of limitations, which is usually considered to be a question of law. The trial judge erred in relegating to the jury the function of determining the law while submitting to the jury only the language of the statute. The statute inherently is ambiguous because it contains no definition of the term "discovery." It should be construed cohesively with our existing cases adopting discovery of the cause of action as the triggering event for the commencement of the time within which the case must be filed to satisfy the applicable statute of limitations. In addition, we must resolve the novel question relating to the effect of the late realization of psychic trauma upon the commencement of the time provided in the statute of limitations. We reverse the case, and remand it to the trial court for a new trial in accordance with the principles set forth in this opinion.

In his Brief of Appellant, Dean McCreary (McCreary) defines the issues in this way:

### FIRST ISSUE

(iv) The actor knows or should reasonably know that the victim submits erroneously believing the actor to be the victim's spouse; (v) At the time of the commission of the act the victim is less than twelve (12) years of age and the actor is at least four (4) years older than the victim; (vi) The actor is in a position of authority over the victim and uses this position of authority to cause the victim to submit; or (vii) The actor inflicts sexual intrusion in treatment or examination of a victim for purposes or in a manner substantially inconsistent with reasonable medical practices.
(b) A person is guilty of sexual assault in the second degree if he subjects another person to sexual contact and causes serious bodily injury to the victim under any of the circumstances listed in W.S. 6-2-302(a)(i) through (iv) or paragraphs (a)(i) through (vi) of this section.

Does the statutory period, provided in W.S. § 1-3-105(b), begin to run upon discovery of the acts constituting sexual assault, whether or not the injured party has discovered the full extent of the resulting harm?

### SECOND ISSUE

Did the jury have insufficient evidence, or inadequate instructions to properly determine the question of the statute of limitations?

In the Brief of Appellee, filed on behalf of Weast, the issues are framed in this way:

1. Whether the district court committed reversible error in denying defendant's motion for summary judgment.

2. Whether the district court committed plain error in its instructions to the jury.

3. Whether there was sufficient evidence to allow the jury to make a factual finding on the statute of limitations issue.

On November 14, 1994, Weast, who was then thirty-six years old, filed this action naming McCreary as the defendant and alleging that he had sexually assaulted her from 1962 through 1982. McCreary was married to Weast's sister. Weast and her mother resided with McCreary and Weast's sister during most of the time that the claimed sexual abuse occurred. McCreary was many years older than Weast, and he played a father-like role in the home. While initially asserting causes of action for bat-

(c) A person is guilty of sexual assault in the second degree if he subjects a person between the age of twelve (12) years through fifteen (15) years to sexual contact and causes serious bodily injury to the victim.
**§ 6-2-304. Sexual assault in the third degree.**
(a) Except under circumstances constituting a violation of W.S. 14-3-105, an actor commits sexual assault in the third degree if:
(i) The actor is at least four (4) years older than the victim and who inflicts sexual intrusion on a victim under the age of sixteen (16) years; or
(ii) The actor is an adult and subjects a victim under the age of twelve (12) years to sexual contact without inflicting sexual intrusion on the victim and without causing serious bodily injury to the victim.

tery; criminal sexual contact, intrusion and assault; infliction of emotional stress; and punitive damages, Weast ultimately submitted a Second Amended Complaint alleging physical and sexual abuse described as repeated and regular episodes of sexual intrusion and sexual contact constituting sexual assault in the second degree as defined by Wyo. Stat. § 6–2–303 (Repl.1988) and indecent liberties as defined by Wyo. Stat. § 14–3–105 (Repl.1994).[2]

The theory of Weast's claim is that, although she always was aware of the sexual abuse, she did not comprehend and, for that reason, did not discover until February of 1993 the psychic trauma she had sustained as a product of the abuse. In February of 1993, Weast had gallbladder surgery. She was anesthetized for the surgery, and when she awoke she discovered McCreary standing over her hospital bed. She asserts that, at that moment in time, her memory "started flooding," and she began to experience severe emotional and psychological problems. In June of 1993, Weast began counseling, and she was even hospitalized at one point. Her therapist explained that Weast "exhibited symptoms of post-traumatic stress disorder which were due to the rape trauma syndrome." The therapist explained that even though Weast was always aware she had been molested, she had kept her memories "underground or blanketed * * * throughout all that time.". The therapist testified that Weast did not recognize the harm McCreary had caused her until she began therapy. According to the therapist, it is quite common for victims of sexual abuse to begin to con-

front their memories in their early or middle thirties.

McCreary filed a Motion to Dismiss Complaint and a Motion for More Definite Statement. In a letter to counsel, the trial judge reserved a ruling on the motion to dismiss, and granted the motion for a more definite statement. It was in response to that letter that the Second Amended Complaint was filed. McCreary then filed an Answer to Second Amended Complaint, and approximately one year later, McCreary's motion for summary judgment was filed. The thrust of the motion for summary judgment was that the statute of limitations had expired. The trial judge ruled that there were genuine issues of material fact with respect to the discovery by Weast of her injuries, and the motion for summary judgment was denied.

Subsequently, a jury trial was held, and McCreary moved for a directed verdict at the end of Weast's case, again urging that the causes of action were barred by the statute of limitations. The trial court reserved its ruling on that motion, and submitted the case, including the question relating to the statute of limitations, to the jury. The only instruction given with respect to the statute of limitations was Instruction No. 7, which stated:

### INSTRUCTION NO. 7

You are instructed that pertinent portions of the Wyoming Statutes provide in pertinent part:

> In Wyo. Stat. § 14–2–112 (1977), the text of the statute remained the same, but the two paragraphs were identified as (a) and (b).
> In 1978, this provision was amended and renumbered as Wyo. Stat. § 14–3–105 to read:
>> Any person knowingly taking immodest, immoral or indecent liberties with any child or knowingly causing or encouraging any child to cause or encourage another child to commit with him any immoral or indecent act is guilty of a felony, and upon conviction shall be fined not less than one hundred dollars ($100.00) nor more than one thousand dollars ($1,000.00) or imprisoned in the penitentiary not more than ten (10) years, or both.
> Wyo. Sess. Laws ch. 25, § 1 (1978).

2. In 1962, indecent liberties was proscribed by Wyo. Stat. § 14–28 (1957), which provided:
> It shall be unlawful for any person, including but not limited to parent, guardian or custodian knowingly to take immodest, immoral or indecent liberties with any such child [a child under the age of 19 years] or knowingly to cause or encourage any such child to cause or encourage another child to commit with him or her any immoral or indecent act.
> Any person who shall violate the provisions of this section shall be deemed guilty of a felony and upon conviction thereof shall be fined in any sum not less than one hundred dollars ($100.00) nor more than one thousand dollars ($1,000.00) or imprisoned in the penitentiary not to exceed ten (10) years, or by both such fine and imprisonment.

Civil actions can only be commenced within the periods prescribed in this chapter, after the cause of action accrues ... W.S. § 1–3–102.

(b) ... a civil action based upon sexual assault ... against a minor may be brought within the later of:

(i) Eight (8) years after the minor's eighteenth birthday; or

(ii) Three (3) years after the discovery.

W.S. § 1–3–105(b).

Neither party objected to the jury instructions given by the trial court.

Following its deliberations, the jury returned this verdict:

### VERDICT

1. Do you find that Dean McCreary inflicted sexual assault upon Pamela Weast, during the time she was a minor, which caused her damages?

Yes    X

No     

If your answer to question number 1 is no, sign the verdict and return it to the Court. If your answer was yes, answer questions number 2 and 3.

2. What total amount of damages, if any, were sustained by Pamela Weast?

$ 250,000.00

3. Is Pamela Weast's cause of action for sexual assault against Dean McCreary barred by the applicable statute of limitations?

Yes     

No    X

McCreary submitted a Motion for a Judgment Notwithstanding the Verdict, which was denied. He takes this appeal from the Judgment entered by the trial court based upon the verdict of the jury.

We are compelled to reverse this case, and remand it for a new trial. We have often said that the application of a statute of limitations is a question of law. *Woodard v. Cook Ford Sales, Inc.*, 927 P.2d 1168, 1170 (Wyo.1996); *Hiltz v. Robert W. Horn, P.C.*, 910 P.2d 566, 570 (Wyo.1996); *Bredthauer v.*

*TSP*, 864 P.2d 442, 446 (Wyo.1993); *Union Pacific Resources Co. v. State*, 839 P.2d 356, 366–67 (Wyo.1992); *Mills v. Garlow*, 768 P.2d 554, 555 (Wyo.1989); *Diamond Hill Inv. Co. v. Shelden*, 767 P.2d 1005, 1007 (Wyo.1989); *Mason v. Laramie Rivers Co.*, 490 P.2d 1062, 1065 (Wyo.1971). In *Mills*, 768 P.2d at 555, we said:

Ordinarily the question of whether or not a cause of action is barred by a statute of limitations is a mixed question of law and fact, but where the facts are not in dispute, as here, the question is one of law.

Under this language, we could allow for the submission of the factual issues relating to the statute of limitations to the jury. The trial court, however, submitted the legal issues as well as the factual issues to the jury.

Addressing a problem of damages, this court spoke prophetically in *Martinez v. City of Cheyenne*, 791 P.2d 949, 960 (Wyo.1990):

It is the function of the jury to apply the law as it has been explained by the court. See cases cited in 88 C.J.S. *Trial* § 297 (1955). ***The jury is not justified in furnishing its own interpretation of the law nor in arriving at its verdict in the light of its view as to the way things ought to be. Permitting the jury to determine the rules of law without guidance from the court, among other things, creates a substantial risk of inconsistent verdicts in very similar cases. The duty of the court, on the other hand, is to provide sufficient instruction to allow the jury to apply the appropriate law correctly. Shortfall in performing the responsibility of either the court or the jury results in an injustice to the parties, and a new trial is mandated.***

(Emphasis added.) In this instance, we perceive that the trial court forsook its duty, and left the jury to determine the issue of the statute of limitations without guidance. A new trial is required under such circumstances.

It is true that the legislature provided no direction in adopting the statute of limitations that is before us. The statute provides only:

(b) Notwithstanding subsection (a) of this section, a civil action based upon sexual assault as defined by W.S. 6–2–301(a)(v) against a minor may be brought within the later of:

    (i) Eight (8) years after the minor's eighteenth birthday; or

    (ii) Three (3) years after the discovery.

Wyo. Stat. § 1–3–105(b). The intended meaning of the word "discovery" in the statute is not specified.

The interpretation of the statute is a matter of law, and it is a function assigned to the courts. *Gunderson v. State,* 925 P.2d 1300, 1304 (Wyo.1996). The fundamental rule we invoke in the interpretation of a statute is that we must ascertain, if possible, what the legislature intended by the language it used. *Parker Land and Cattle Co. v. Wyoming Game and Fish Com'n,* 845 P.2d 1040, 1042 (Wyo.1993) (*quoting Rasmussen v. Baker,* 7 Wyo. 117, 128, 50 P. 819, 821 (1897)). We examine the language of the statute in light of the objects and purposes the legislature intended to accomplish. *State v. Stovall,* 648 P.2d 543, 545 (Wyo.1982). If a word has a well-settled meaning in law at the time it is used by the legislature, we assume that the intention of the legislature was to encompass that definition, unless some different definition is clearly manifested. *Sorenson v. State,* 604 P.2d 1031, 1038 (Wyo.1979).

■ For a number of years, Wyoming has been identified as a state that applies the discovery rule to determine when a cause of action accrues to start the running of the statute of limitations. The seminal case was *Duke v. Housen,* 589 P.2d 334 (Wyo.), *cert. denied* 444 U.S. 863, 100 S.Ct. 132, 62 L.Ed.2d 86 (1979). The rule was summarized recently in *Nowotny v. L & B Contract Industries, Inc.,* 933 P.2d 452, 456–57 (Wyo. 1997):

Under the discovery rule as adopted in Wyoming, the statute of limitations will typically run from the date of the incident. The discovery rule can have the effect, however, of delaying the accrual of the cause of action in cases in which the injury *or damage is not immediately apparent.* We have said specifically that, "a tort is

not complete and actionable until all the elements, duty, breach, proximate cause, and damage, are present." *Davis v. City of Casper,* 710 P.2d 827, 829 (Wyo.1985). This serves to balance the equities in latent injury cases when the injured party would be barred from bringing an action only because that person was unaware of the injury.

(Emphasis added.) In applying the discovery rule in a product liability action, we held that, in a case in which a latent injury was caused by an intrauterine contraceptive device, "'[a] claim does not accrue until the injury is discovered or in the exercise of reasonable diligence should be discovered.'" *Olson v. A.H. Robins Co., Inc.* 696 P.2d 1294, 1297 (Wyo.1985) (*quoting Hansen v. A.H. Robins, Inc.,* 113 Wis.2d 550, 335 N.W.2d 578, 581 (1983)). We have consistently applied the discovery rule over the years.

McCreary cites a case from a federal district court, in which the court stated:

The cases which have been brought to date have fallen into two categories: (1) those where the Plaintiff claims she knew about the sexual assaults at or before majority, but that she was unaware that other physical and psychological problems were caused by the prior sexual abuse; and (2) cases * * * where the Plaintiff claims due to the trauma of the experience she had no recollection or knowledge of the sexual abuse until shortly before she filed suit.

*Johnson v. Johnson,* 701 F.Supp. 1363, 1367 (N.D.Ill.1988). McCreary then relies upon decisions from our sister jurisdictions addressing the first situation, and holding that the discovery rule does not extend the period in which the claim must be asserted because the necessary elements of the claim were known. *Evans v. Eckelman,* 216 Cal.App.3d 1609, 265 Cal.Rptr. 605 (1990); *Derose v. Carswell,* 196 Cal.App.3d 1011, 242 Cal.Rptr. 368 (1987); *Doe v. First United Methodist Church,* 68 Ohio St.3d 531, 629 N.E.2d 402 (1994). McCreary contrasts those decisions with the second category of cases in which the discovery rule is invoked to extend the time for asserting the claim. *Mary D. v. John D.,* 264 Cal.Rptr. 633 (Cal.App.1989);

*E.W. v. D.C.H.,* 231 Mont. 481, 754 P.2d 817 (1988). McCreary then cites the following cases for the proposition that the discovery rule does not toll the statute of limitations in sexual assault cases. *Franke v. Geyer,* 209 Ill.App.3d 1009, 154 Ill.Dec. 710, 568 N.E.2d 931, 933 (1991); *Raymond v. Ingram,* 47 Wash.App. 781, 737 P.2d 314, 317 (1987). *See also Farris v. Compton,* 802 F.Supp. 487 (D.D.C.1992); [3] *Schmidt v. Bishop,* 779 F.Supp. 321 (S.D.N.Y.1991); *Baily v. Lewis,* 763 F.Supp. 802 (E.D.Pa.), *aff'd* 950 F.2d 722 (3rd Cir.1991); *Hildebrand v. Hildebrand,* 736 F.Supp. 1512 (S.D.Ind.1990); *Cassidy v. Smith,* 817 P.2d 555 (Colo.App.1991); *Rigazio v. Archdiocese of Louisville,* 853 S.W.2d 295 (Ky.App.1993); *Seto v. Willits,* 432 Pa.Super. 346, 638 A.2d 258, *appeal denied* 538 Pa. 648, 647 A.2d 902 (1994); *Sanchez v. Archdiocese of San Antonio,* 873 S.W.2d 87 (Tex.App.1994); *O'Neal v. Division of Family Services, State of Utah,* 821 P.2d 1139 (Utah 1991); and *Whatcott v. Whatcott,* 790 P.2d 578 (Utah App.1990).

Weast relies upon a different series of cases for the proposition that when time is required in order to discover the harm caused by child sexual abuse, the statute of limitations does not start to run until the date of the delayed discovery. *Ulibarri v. Gerstenberger,* 178 Ariz. 151, 871 P.2d 698 (1993); *Wimberly v. Gatch,* 635 So.2d 206 (La.1994); *Lemmerman v. Fealk,* 201 Mich. App. 544, 507 N.W.2d 226 (1993), *rev'd,* 449 Mich. 56, 534 N.W.2d 695 (1995); *Petersen v. Bruen,* 106 Nev. 271, 792 P.2d 18, 24 (1990); *McCollum v. D'Arcy,* 138 N.H. 285, 638 A.2d 797 (1994); *Jones v. Jones,* 242 N.J.Super. 195, 576 A.2d 316, *cert. denied* 122 N.J. 418, 585 A.2d 412 (1990); *Roberts v. Southwest Community Health Services,* 114 N.M. 248, 837 P.2d 442 (1992); *Leonard v. England,* 115 N.C.App. 103, 445 S.E.2d 50 (1994); *Osland v. Osland,* 442 N.W.2d 907 (N.D.1989); *Ault v. Jasko,* 70 Ohio St.3d 114, 637 N.E.2d 870 (1994); *Vesecky v. Vesecky,* 880 S.W.2d 804, 806 (Tex.App.1994), *rev'd* 933 S.W.2d 1 (Tex.1996); *Olsen v. Hooley,* 865 P.2d 1345, 1349 (Utah 1993); *Hammer v. Hammer,* 142

Wis.2d 257, 418 N.W.2d 23 (1987).[4] While the cases cited by Weast indeed are persuasive, we conclude that we must chart our own course.

■■■ We have had no equivocation in articulating the proposition that the claim does not arise so as to start the period of the statute of limitations running until the element of damage is discovered. *Nowotny,* 933 P.2d at 456–57; *Davis v. City of Casper,* 710 P.2d 827, 829 (Wyo.1985); *Metzger v. Kalke,* 709 P.2d 414, 419–20 (Wyo.1985); *Olson,* 696 P.2d at 1297; *Duke,* 589 P.2d at 343. The critical point to be resolved then is whether Weast, for purposes of applying the statute of limitations, must be charged with knowledge of her psychic trauma simply because she admittedly was aware of the physical trauma. Wyoming has espoused the rule that damages cannot be the object of speculation or conjecture. *E.g., Reiman Const. Co. v. Jerry Hiller Co.,* 709 P.2d 1271, 1277 (Wyo.1985); *Krist v. Aetna Cas. & Sur.,* 667 P.2d 665, 672 (Wyo.1983); *Chrysler Corp. v. Todorovich,* 580 P.2d 1123, 1134 (Wyo.1978); *Opheim v. United Mobile Homes, Inc.,* 511 P.2d 1289, 1290–91 (Wyo.1973); *Blakeman v. Gopp,* 364 P.2d 986, 991 (Wyo.1961). In these cases, the rule is expressed by invoking the phrase "reasonable degree of certainty," and in *Blakeman,* that phrase was applied to future damages. *Blakeman,* 364 P.2d at 991. In light of these cases, Weast could not have brought an action to assert possible psychic trauma.

■■■ More than sixty years ago in the context of claims apparently time barred by the worker's compensation statutes, this court said:

[I]t seems to us palpably unjust to the employee to deny him compensation because he has tried to keep his place on the employer's pay roll by doing his regular work and then has found that conditions produced at the time of the accident, and which medical science could not recognize or whose final consequences it could not forecast, have gradually and ultimately

---

**3.** Reversed without opinion, 318 U.S.App.D.C. 78, 84 F.3d 1452 (D.C.Cir.1996).

**4.** The holding in *Hammer* was limited by *Pritzlaff v. Archdiocese of Milwaukee,* 194 Wis.2d 302, 533 N.W.2d 780 (1995).

produced a compensable injury. We do not think the language employed in the law by our State Legislature was reasonably intended to produce any such result. *Baldwin v. Scullion,* 50 Wyo. 508, 530–31, 62 P.2d 531, 539 (1936). This proposition, based upon a recognition of a second compensable injury, is still followed in the law of worker's compensation in Wyoming. *Casper Oil Co. v. Evenson,* 888 P.2d 221, 224 (Wyo.1995). We adopt for the period of limitations articulated in Wyo. Stat. § 1–3–105(b) the concept of a second compensable injury.

If the trial court or the jury is satisfied that psychic trauma has been proximately caused by a sexual assault upon a minor, and medical science could not recognize that trauma, or its final consequences could not be forecast, the period of limitations described in the statute does not begin to run until the damage is identified. The factual issue then to be resolved is whether a party such as Weast discovered or in the exercise of reasonable diligence should have discovered the psychic trauma. That factual resolution would establish the date on which the statute of limitations begins to run for purposes of a claim for sexual assault against a minor.

It is clear in this case that more than eight years had expired after Weast's eighteenth birthday. The only part of the statute affording comfort to Weast is whether she brought her action within "[t]hree (3) years after the discovery." Wyo. Stat. § 1–3–105(b)(ii). We remand this case to the trial court for a new trial. We agree that this is an instance in which the question of whether the claim is barred by the statute of limitations is a mixed question of law and fact. *Mills,* 768 P.2d at 555. It would be appropriate for the trial court to submit the question of fact to the jury, but that question clearly is when Weast discovered or in the exercise of reasonable diligence should have discovered the psychic trauma. The tenor of the instruction to the jury, in addition to the language of the statute, should encompass the definition of discovery as found in *Olson,* 696 P.2d at 1297, but specifying the discovery of the psychic injury. It should not be necessary to explain the second compensable injury rule to the jury. If the trial court does

explain the second compensable injury rule, it should make clear the proposition that the statute of limitations for Weast's claim for psychic damages would not start until the discovery of those damages, even though the discovery of the physical damages occurred at an earlier date.

Reversed and remanded for a new trial in accordance with this opinion.