Sandra Lynn VINEYARD, f/k/a Sandra Lynn Jenkins, Appellant (Defendant/Respondent),

v.

Terry Francis JENKINS, Appellee (Plaintiff/Petitioner).

No. 98–361.

Supreme Court of Wyoming.

July 13, 1999.

Gregg L. Goddard, Goddard, Perry & Vogel, Buffalo, WY, Representing Appellant.

Kathryn J. Edelman, Law Office of Kathryn J. Edelman, Gillette, WY, Representing Appellee.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and HILL, JJ.

HILL, Justice.

The issue on appeal is whether Wyo. Stat. Ann. § 20–2–113 (Michie 1997), as amended, rejects our previous holdings that the district court in which a custody or divorce proceeding was originally filed has continuing and exclusive jurisdiction over custody modification proceedings. The district court for the Sixth Judicial District, Campbell County, Wyoming, denied Appellant Vineyard's motion to dismiss on this basis, holding that the 1997 amendments conferred on that court subject matter jurisdiction over Appellee Jenkins' petition for modification of child custody, even though the original Decree of Divorce was entered in another judicial district. We agree that the 1997 amendment to

subsection (a) conferred jurisdiction on district courts other than the original court, but that jurisdiction is circumscribed by Wyo. Stat. Ann. § 20–2–113(j) and (k). Because the record does not show that Appellee filed a certified copy of the divorce decree, as required by subsection (j), we must reverse.

## ISSUE

Appellant presents a single issue:

Can a District Court modify child custody provisions in a divorce decree issued by a District Court in another county?

## FACTS

The district court in Johnson County, Wyoming, issued the parties' decree of divorce in 1992. The decree awarded primary custody of the three children to Appellant (Mother). After the divorce decree, Appellee (Father) moved to Campbell County, and Mother moved to Kansas. In 1995, Father filed a petition to modify custody with the Johnson County district court but moved to change the venue to Campbell County, Wyoming. The district court denied Father's motion for change of venue and eventually denied Father's request to modify custody.

In 1998, Father again petitioned for modification but this time filed his petition with the Campbell County district court. Mother then moved to dismiss Father's latest petition on the ground that the Johnson County district court retained exclusive jurisdiction over the matter. In light of the 1997 amendments to Wyo. Stat. Ann. § 20–2–113, the Campbell County district court found it had subject matter jurisdiction but determined that the case should be transferred back to the Johnson County district court, where it now awaits trial. We granted Mother's petition for a writ of review to appeal the Campbell County district court's denial of her motion to dismiss for lack of jurisdiction.

## STANDARD OF REVIEW

■ The interpretation of statutes is a question of law to be reviewed *de novo.* *French v. Amax Coal West,* 960 P.2d 1023, 1027 (Wyo.1998). "The fundamental rule we invoke in the interpretation of a statute is that we must ascertain, if possible, what the legislature intended by the language it used." *McCreary v. Weast,* 971 P.2d 974, 979 (Wyo. 1999).

Our review of statutory interpretation begins with an inquiry into the ordinary and obvious meaning of the words employed by the legislature according to the manner in which those words are arranged. *Id.; Sheridan Commercial Park, Inc. v. Briggs,* 848 P.2d 811, 815 (Wyo.1993). If more than one reasonable interpretation exists, we resort to general principles of statutory construction. *Moncrief v. Wyoming State Bd. of Equalization,* 856 P.2d 440, 444 (Wyo.1993) (*quoting Parker Land and Cattle Co. v. Wyoming Game and Fish Com'n,* 845 P.2d 1040, 1044 (Wyo.1993)). When the legislature has spoken in unambiguous terms, however, "we are bound to the results so expressed." *State ex rel. Wyoming Workers' Compensation Div. v. Bergeron,* 948 P.2d 1367, 1369 (Wyo.1997). *Platte Development Co. v. Wyoming Environmental Quality Council,* 966 P.2d 972, 974 (Wyo.1998). We construe the statute as a whole, giving effect to every word, clause, and sentence, and we construe together all parts of the statute in *pari materia. Matter of Lyles,* 957 P.2d 843, 846 (Wyo.1998).

## DISCUSSION

■ Prior to 1997, the relevant portion of Wyo. Stat. Ann. § 20–2–113 (a) read as follows:

**20–2–113. Disposition and maintenance of children in decree; modification; access to records; payment to court clerk; continuing jurisdiction to modify decree; notice.**

(a) In granting a divorce . . ., the court may make such disposition of the children as appears most expedient and beneficial for the well-being of the children. . . . The court shall order custody in well defined terms to promote understanding and compliance by the parties. Either parent may petition to enforce or revise the decree. *The court which entered the decree has continuing subject matter and personal jurisdiction to enforce or revise the decree* concerning the care, custody, visita-

tion and maintenance of the children as the circumstances of the parents and the benefit of the children requires.... A court having jurisdiction under this subsection or under subsection (j) of this section may, upon appropriate motion of either parent, require a parent to appear before the court and show just cause why the parent should not be held in contempt, upon a showing that the parent has willfully violated the decree as to the care, custody, visitation and maintenance of the children.

Wyo. Stat. Ann. § 20–2–113 (a) (Michie 1996 Cum.Supp.) (emphasis added). Mother correctly argues that our previous holdings interpreting this language conferred exclusive jurisdiction for matters modifying the original decree upon the district court which entered the original decree. In *Nicholaus v. Nicholaus,* 756 P.2d 1338, 1340 (Wyo.1988), we recognized the "long standing general rule" that jurisdiction acquired by a court in a divorce suit over the custody and maintenance of the children excludes "other local courts" from maintaining jurisdiction over the matter. We held that "the language in § 20–2–113(a) that 'the court may revise the decree' to be consistent with the majority rule of continuing *exclusive* jurisdiction." *Id.* at 1341 (emphasis added); *see also Glandt v. Taylor,* 920 P.2d 647, 649 (Wyo. 1996) (Natrona County district court had no authority to transfer the case to Platte County); *Smith v. Smith,* 863 P.2d 624, 625 (Wyo. 1993) (district court retains continuing jurisdiction); and *Barron v. Barron,* 834 P.2d 685, 688 (Wyo.1992).

■ In 1997, however, the legislature amended this same provision to add the following highlighted language:

(a) ... The court which entered the decree *or any other district court in the state* has continuing subject matter and personal jurisdiction to enforce or revise the decree concerning the care, custody, visitation and maintenance of the children as the circumstances of parents and the benefit of the children requires.

Wyo. Stat. Ann. § 20–2–113(a) (Michie 1997). When an amendment is enacted to an existing statute, it is presumed that some change in the existing state of the law was intended. *Brown v. State,* 590 P.2d 1312, 1314–15 (Wyo. 1979)(and case cited therein). We also pre-

sume that the amendment was enacted with full knowledge of existing case law and statutes relating to the matter. *Id.* Therefore, we must consider the law as it existed prior to the amendment, the effect and purpose of the language changing it, and endeavor to reconcile both, if possible. *Id.*

In the language amending this provision, the legislature unquestionably conferred subject matter jurisdiction to revise a child custody order upon "any other district court in the state." However, we must look to the prior law to determine the extent of the change intended by the legislature. Prior to the 1997 amendments, all other district courts maintained jurisdiction to *enforce* a decree if certain conditions were met. *See* Wyo. Stat. Ann. § 20–2–113 (j) and (k) (Michie 1996 Cum.Supp.). These provisions were not amended by the legislature and remain in effect. Therefore, subsection (a) must be read in *pari materia* with subsections (j) and (k).

Subsection (j) provides:

(j) A certified copy of a decree entered by a Wyoming court pursuant to subsection (a) of this section providing for the care, custody, visitation or maintenance of children may be filed in the office of the clerk of the district court of any county in this state in which either parent resides if neither parent resides in the county of original jurisdiction. The district court for the county in which the decree is filed has jurisdiction to enforce the decree, provided:

(i) Upon request of the district court for the county in which a certified copy of the decree has been filed, the court which originally entered the decree shall forward certified copies of the transcript of the court record and pleadings, orders, decrees, records of hearings, social studies and other pertinent documents relating to the original proceeding; and

(ii) The district court for the county in which a certified copy of the decree has been filed shall give due consideration to the transcript of the record and all other documents submitted to it in accordance with paragraph (i) of this subsection.

Wyo. Stat. Ann. § 20–2–113(j) (Michie 1997). Subsection (k) states:

(k) A court which has jurisdiction to enforce a decree under subsection (j) of this section may decline to exercise its jurisdiction if it finds it is an inconvenient forum under the circumstances of the case and that the court which entered the original decree is a more appropriate forum.

Wyo. Stat. Ann. § 20–2–113(k) (Michie 1997).

The plain language of subsection (j) clearly expresses the legislature's recognition that a district court, other than the court issuing the original decree, is an appropriate forum for consideration of that decree only when both parties are no longer in the original jurisdiction. Provisions (i) and (ii) in this subsection also acknowledge that no action should be taken on the enforcement of the decree without the court's full knowledge of the history of the matter as found in previous documents. Surely, if this knowledge is necessary to enforce a decree, it is a *sine qua non* for a determination to modify that decree as well.

"We know well the rule that in construing statutes an absurd result should be avoided. There is a presumption that the legislature intends to adopt legislation that is reasonable and logical." *Gerstell v. State ex rel. Dept. of Revenue and Taxation,* 769 P.2d 389, 394 (Wyo.1989) (and cases cited therein). Were we to hold that the legislature intended to impose the conditions of subsection (j) on enforcement matters, but not on modification matters, we would be abandoning logic and common sense.

▪ Similarly, subsection (k) allows the district court to decline its jurisdiction to enforce a decree if it finds it is an inconvenient forum, and the original court is a more appropriate arena. To find that the district court may decline an enforcement case, but not a petition to modify, is absurd. Therefore, we hold that the expanded jurisdiction afforded by subsection (a) to the district courts in Wyoming remains tempered by the requirements of subsection (j) and the discretion of the district court under subsection (k).

▪ As a result, if a party wishes to file a petition for modification of custody or main-

tenance in a district outside that issuing the original decree, the party must file a certified copy of the divorce decree and show that both parties no longer reside in the county of original jurisdiction. In addition, one parent must reside in the county in which the decree is filed. Even if those conditions are met, the district court has broad discretion to decline to hear the matter and to return it to the original forum, depending on the circumstances of the case.

In this case, Father filed his petition without a certified copy of the original decree. Without the filing of a certified copy of the decree, there is no jurisdiction under subsection (j). We, therefore, must reverse the district court's determination that jurisdiction existed under the facts of this case.

## CONCLUSION

Once the requirements of Wyo. Stat. Ann. § 20–2–113 (j) have been satisfied, Wyo. Stat. Ann. § 20–2–113(a) confers subject matter jurisdiction on the district court to hear a petition to modify a divorce decree which was issued by another district court. However, pursuant to Wyo. Stat. Ann. § 20–2–113(k), the district court may decline to accept the matter and return it to the original court. Because the requirements of subsection (j) were not met in this case, we reverse and remand for proceedings in accord with this decision.