2011 WY 60

**Keith Allan TYNER, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. S–10–0210.**

Supreme Court of Wyoming.

April 12, 2011.

Representing Appellant: Diane Lozano, State Public Defender; Tina N. Olsen, Appellate Counsel; Wyoming Public Defender Program.

Representing Appellee: Bruce A. Salzburg, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Leda M. Pojman, Senior Assistant Attorney General.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

GOLDEN, Justice.

[¶ 1] Appellant Keith Allan Tyner was convicted of battery under Wyo. Stat. Ann. § 6–2–501(b). Because this was Tyner's third battery conviction involving a household

member, the conviction was enhanced pursuant to Wyo. Stat. Ann. § 6–2–501(f)(ii) to a felony. He was sentenced accordingly to a term of imprisonment of two to four years, which was suspended in favor of a split sentence of six months in county jail followed by three years of supervised probation. In this appeal, Tyner challenges the use of his previous convictions as a basis for the felony enhancement. We need not reach the merits of Tyner's complaints because we find there is fundamental error requiring that we vacate Tyner's conviction. *See Sanchez v. State,* 592 P.2d 1130, 1131 (Wyo.1979) (sua sponte recognition of blatant error resulting in a miscarriage of justice); *Town of Green River v. Martin,* 71 Wyo. 81, 97, 254 P.2d 198, 201 (1953) (court may notice fundamental error appearing in the record although not called to its attention).

[¶2] The record shows that Tyner was convicted of violating a statute that had been superseded at the time the alleged criminal activity occurred. Section 6–2–501(b) was amended on July 1, 2009. 2009 Wyo. Sess. Laws, chs. 124, 169. Before the amendment, the statute provided:

A person is guilty of battery if he unlawfully touches another in a rude, insolent, or angry manner or intentionally, knowingly or recklessly causes bodily injury to another.

Wyo. Stat. Ann. § 6–2–501(b) (LexisNexis 2007).

[¶3] The 2009 amendment substantively rewrote the statute, separating out the crime of battery and the crime of unlawful contact. Section 6–2–501 now provides in pertinent part:

(b) A person is guilty of battery if he intentionally, knowingly or recklessly causes bodily injury to another person by use of physical force.

* * * *

(g) A person is guilty of unlawful contact if he:

(i) Touches another person in a rude, insolent or angry manner without intentionally using sufficient physical force to cause bodily injury to another; or

(ii) Recklessly causes bodily injury to another person.

Wyo. Stat. Ann. § 6–2–501 (LexisNexis 2009).

[¶4] The Information in this case charged Tyner in pertinent part as follows:

COMES NOW [Prosecutor] ... and in the name and by the authority of the State of Wyoming, informs the Court and gives the Court to understand that KEITH ALLAN TYNER ... on or about the 23rd day of December, 2009, ... did unlawfully touch another in a rude, insolent or angry manner or intentionally, knowingly, or recklessly cause bodily injury to another, and upon conviction the Defendant will be convicted of a third or subsequent offense against any other household member ... within the previous ten (10) years, in violation of W.S.1977, as amended, § 6–2–501(b) and (f)(ii)....

[¶5] As indicated, Tyner's alleged criminal activity occurred on December 23, 2009, five months after the effective date of the amendment. Tyner, however, was charged in conformance with the language of the superseded version of § 6–2–501(b). As such, the Information failed to properly charge a criminal offense under Wyoming law. Since the criminal charge was not valid, Tyner's conviction cannot stand, and it is hereby vacated. Because there are no other charges against Tyner, the case is remanded with directions to dismiss without prejudice the Information.