2011 WY 85

**Kerry John GARNICA, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. S–10–0233.

Supreme Court of Wyoming.

May 26, 2011.

Representing Appellant: Diane Lozano, State Public Defender; Tina N. Olson, Appellate Counsel; and David E. Westling, Senior Assistant Appellate Counsel. Argument by Mr. Westling.

Representing Appellee: Bruce A. Salzburg, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Meri Geringer, Senior Assistant Attorney General; and Justin A. Daraie, Assistant Attorney General. Argument by Ms. Geringer.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

HILL, Justice.

[¶ 1]  After two episodes of domestic violence against his ex-wife, Kerry Garnica was charged with two counts of unlawfully touching a household member for a third or subsequent time in the past ten years, in violation of Wyo. Stat. Ann. § 6–2–501(b) and (f)(ii) (LexisNexis 2007).  After a jury trial, the jury found Garnica guilty of both counts. Before sentencing, however, the court allowed the State to amend its Information by correcting the statutory citation.  The court sentenced Garnica under the enhanced sentencing provisions.

[¶ 2]  We affirm Garnica's conviction, but reverse his sentence and remand for resentencing.

## ISSUES

[¶ 3]  Garnica raises two issues before this Court:

1.  The trial court committed reversible error by allowing amendment of the Information after the jury had entered into deliberations, withdrawing a jury instruction from the jury and replacing it with a new instruction, despite the objection of [Garnica].

2.  The trial court imposed an illegal sentence and thereby committed reversible error.

## FACTS

[¶ 4]  Because the domestic violence episodes that precipitated this case are not entirely germane to the appeal, we will only briefly detail the two episodes.  On February 14, 2009, Garnica and his then wife began to argue in their home.  The argument escalated, and Garnica began to hit his wife in the head.  In turn, she struck Garnica with a television remote.  He then spat on her numerous times.  Several months later, on July 16, 2009, an argument erupted in the parking lot of the Casper Walgreen's store.  Garnica followed his wife to the store, and they began

arguing at the store's entrance. Garnica pushed and slapped his wife before he drove away.

[¶ 5] We turn to the procedural side of this case, with which Garnica takes issue on appeal. On July 28, 2009, Garnica was charged by Information in Natrona County Circuit Court with two counts of unlawfully touching a household member for a third or subsequent time in the past ten years, in violation of the battery statute. Wyo. Stat. Ann. § 6–2–501(b) and (f)(ii) (LexisNexis 2007). That same day, the court issued a warrant for Garnica's arrest. Garnica was apprehended on October 27, 2009, whereafter he waived his preliminary hearing and was bound over to district court. On February 5, 2010, Garnica pleaded not guilty to both counts.

[¶ 6] Garnica was tried by jury on April 12–14, 2010. After the case was submitted to the jury for deliberation, the jury posed a question to the district court: "Is spitting considered unlawful touch under the contents of Wyoming Statutes . . . ?" The court's answer to this question is irrelevant on appeal but, while considering that question, the court noticed that the State's Information was inaccurate.

[¶ 7] Specifically, the court noticed that the Information's second count charged Garnica with unlawful touching pursuant to Wyo. Stat. Ann. § 6–2–501(b) (LexisNexis 2007) and used language from that subsection as it existed prior to the July 1, 2009, statutory amendments. However, the second incident of abuse to which that count related occurred 15 days *after* the amendment to the battery statute became effective. The revised subsection (b) no longer included the unlawful touching language, as a means of committing a battery. That language now exists under subsection (g). See Wyo. Stat. Ann. § 6–2–501(b) and (g)(i) (LexisNexis 2009); 2009 Wyo. Sess. Laws, 379–380, 583. Thus, the State should have cited to § 6–2–501(g)(i) for the second count of unlawful touching.

[¶ 8] The jury was released due to the quandary facing the court, and the next morning the court heard argument on the matter before the jury reconvened. After the arguments were presented, the court allowed the State to amend its Information by changing the subsection lettering. Additionally, Jury Instruction 8a replaced Instruction 8. The new instruction cited the appropriate statutory subsection, and the court noted the new instruction in open court before the jury.

[¶ 9] The jury resumed deliberations and found Garnica guilty of twice unlawfully touching his wife, a household member, in a rude, insolent, or angry manner. These were Garnica's third and fourth domestic violence convictions in the last ten years, with the first two occurring in 2003 and 2004. Accordingly, the two counts relating to this case were enhanced to felonies pursuant to § 6–2–501(f)(ii), and on June 22, 2010, the court sentenced Garnica to consecutive 2 to 5–year terms of imprisonment. This appeal followed.

## DISCUSSION

[¶ 10] Garnica argues on appeal that the district court abused its discretion by permitting the State to amend its Information after the case was submitted to the jury, thereby leaving him no opportunity to defend against a new crime. Specifically, Garnica argues that the late amendment prejudiced his case by affecting the way he prepared for trial and his decision to testify, and by requiring a change in the instructions which placed undue emphasis on Instruction 8a.

[¶ 11] The State counters that Garnica's argument must fail on appeal because the revised Information merely changed the lettering currently designating the subsection associated with the second of Garnica's two charged offenses. According to the State, the elements of the crime were not altered. Also, the State contends that Garnica was continually aware of the charges against him, and his trial strategy remained entirely applicable to the original Information. Ultimately, Garnica was not prejudiced by the court's ruling, according to the State.

[¶ 12] W.R.Cr.P. 3(e) "vests the district court with wide discretion in granting or denying a motion to amend an information." *Temen v. State,* 2009 WY 25, ¶ 11, 201 P.3d 1139, 1142 (Wyo.2009).

[W]e review the trial court's decision by applying our abuse of discretion standard. In deciding whether or not the trial court abused its discretion, this court must "determine whether the trial court could reasonably conclude as it did and whether any facet of its ruling was arbitrary or capricious."

*Wilkening v. State,* 2005 WY 127, ¶ 23, 120 P.3d 680, 687 (Wyo.2005) (quoting *Burton v. State,* 2002 WY 71, ¶ 44, 46 P.3d 309, 320 (Wyo.2002)).

[¶ 13] The original Information in this case reads as follows:

That [Garnica] late of the County aforesaid, on or about the 16th day of July, 2009, ... did **unlawfully touch another in a rude, insolent or angry manner,** and upon conviction [Garnica] will be convicted of a third or subsequent offense against any other household member ... within the previous ten (10) years, in violation of W.S. 1977, as amended, § 6–2–501(b) and (f)(iii). [Emphasis added.]

Prior to July 1, 2009, the emphasized language would have been found in subsection (b) of § 6–2–501: "A person is guilty of battery if he unlawfully touches another in a rude, insolent or angry manner or intentionally, knowingly or recklessly causes bodily injury to another." Wyo. Stat. Ann. § 6–2–501(b) (LexisNexis 2007).

[¶ 14] The second incident of abuse occurred 15 days after the battery statute had been amended. The 2009 amendments newly designated the unlawful touching theory of battery to be an "unlawful contact," and relocated that theory to the newly created subsection (g) under the same statute. See § 6–2–501(b) and (g)(i). Thus, the State also should have cited to § 6–2–501(g)(i) for the second count of unlawful touching, which states: "A person is guilty of unlawful contact if he: (i) Touches another person in a rude, insolent or angry manner without intentionally using sufficient physical force to cause bodily injury to another[.]"

[¶ 15] The Wyoming Rules of Criminal Procedure dictate the extent to which the State may amend an information after the jury has retired for deliberation:

(e) *Amendment of Information or citation.* ... The court may permit an information or citation to be amended;

. . . .

(2) Whether or not the defendant consents:

. . . .

(B) At any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced.

W. R.Cr.P. 3(e)(2)(B).

[¶ 16] During trial, Garnica objected to the State's motion to amend the Information. In accordance with the Wyoming Rules of Criminal Procedure, and as the State points out, the reasonableness of the granted motion depends upon two factors: (1) whether the amendment resulted in the charging of an additional or different offense, and (2) whether permitting the amendment prejudiced Garnica's substantial rights. See W.R.Cr.P. 3(e).

[¶ 17] In taking a look at these two factors, we cannot say that the trial court committed reversible error. First, technical alterations to an information do not necessarily have the effect of charging a different crime for purposes of W.R.Cr.P. 3(e), and as we have said before, common sense must prevail over technicalities when evaluating an information and amendments thereto. *Spagner v. State,* 2009 WY 12, ¶ 23, 200 P.3d 793, 802 (Wyo.2009).

A failure to cite the statute or an incorrect citation of the statute which the defendant is alleged to have violated is not fatal nor does it require a reversal of the case, but bears only upon the question whether the defendant was confused to the point that he did not know the crime with which he was charged and was prejudiced in his defense.

*Capwell v. State,* 686 P.2d 1148, 1154 (Wyo. 1984). Accordingly, it does not constitute "playing the judicial equivalent of 'gotcha' " and will not warrant reversal when the State seeks to correct a truly harmless charging error. *Spagner,* ¶ 23, 200 P.3d at 802.

[¶ 18] Here, the State did not charge Garnica with a different crime by amending

the Information—the State was simply correcting a mechanical error. It is our conclusion that, because of the 15–day lapse from the time the statute was amended to the second of Garnica's domestic violence offenses, the State's citations to subsection (b) instead of subsection (g) was a mere oversight. Furthermore, Garnica made no claim at trial that due to the State's original reference to subsection (b) in Count II, he believed the State was charging him with "intentionally, knowingly, or recklessly cause(ing) bodily injury to another person by use of physical force." Wyo. Stat. Ann. § 6–2–501(b). In fact, the record reflects the contrary because the language in the original Information clearly alleged a crime based on rude, insolent, or angry touching. Also, the parties stipulated to jury instructions outlining elements based on the "rude, insolent, or angry" terminology. The State's amendment did not alter the substantive language of the Information, and it did not change the elements of the crime. Thus, common sense dictates that the State merely corrected a clerical error, and as a result, Garnica was not prejudiced by the Amended Information because in it, he was not charged with a new crime. See *Tyner v. State*, 2011 WY 60, 252 P.3d 935 (Wyo.2011).

[¶ 19] As a final matter before leaving this issue, Garnica points out that the district court's written judgment and sentence does not actually reflect the Amended Information and Jury Instruction 8a. The Judgment and Sentence refers to Count II as charging a violation of § 6–2–501(b) instead of (g)(i)—obviously, a clerical error by the court. We remand to the district court to correct that error.

[¶ 20] In his second and last issue, Garnica argues that the district court imposed an illegal sentence and thereby committed reversible error. More precisely, Garnica argues that the Wyoming legislature clearly intended a difference between battery and unlawful contact, and while unlawful contact may be used to enhance the penalty for a battery, it cannot be enhanced to a felony.

[¶ 21] Our rules about statutory interpretation are very clear:

The interpretation of statutes is a question of law to be reviewed *de novo*. *French v. Amax Coal West,* 960 P.2d 1023, 1027 (Wyo.1998). "The fundamental rule we invoke in the interpretation of a statute is that we must ascertain, if possible, what the legislature intended by the language it used." *McCreary v. Weast,* 971 P.2d 974, 979 (Wyo.1999).

Our review of statutory interpretation begins with an inquiry into the ordinary and obvious meaning of the words employed by the legislature according to the manner in which those words are arranged. *Id.; Sheridan Commercial Park, Inc. v. Briggs,* 848 P.2d 811, 815 (Wyo.1993). If more than one reasonable interpretation exists, we resort to general principles of statutory construction. *Moncrief v. Wyoming State Bd. of Equalization,* 856 P.2d 440, 444 (Wyo. 1993) (*quoting Parker Land and Cattle Co. v. Wyoming Game and Fish Com'n,* 845 P.2d 1040, 1044 (Wyo.1993)). When the legislature has spoken in unambiguous terms, however, "we are bound to the results so expressed." *State ex rel. Wyoming Workers' Compensation Div. v. Bergeron,* 948 P.2d 1367, 1369 (Wyo. 1997).

*Platte Development Co. v. Wyoming Environmental Quality Council,* 966 P.2d 972, 974 (Wyo.1998). We construe the statute as a whole, giving effect to every word, clause, and sentence, and we construe together all parts of the statute in *pari materia. Matter of Lyles,* 957 P.2d 843, 846 (Wyo.1998).

*Vineyard v. Jenkins,* 983 P.2d 1234, 1235 (Wyo.1999).

[¶ 22] An offense committed under § 6–2–501 provides for the enhancement of penalties up to a felony, if a household member commits multiple batteries. The section reads as follows, in pertinent part:

(f) A household member as defined by W.S. 35–21–102 who commits a second or subsequent battery against any other household member shall be punished as follows:

(i) A person convicted upon a plea of guilty or no contest or found guilty of a

second offense under this subsection against any other household member, after having been convicted upon a plea of guilty or no contest or found guilty of a violation of W.S. 6–2–501(a), (b), (e) through (g), 6–2–502, 6–2–503, 6–2–504 or other substantially similar law of this or any other state, tribe or territory against any other household member within the previous five (5) years is guilty of a misdemeanor punishable by imprisonment for not more than one (1) year, a fine of not more than one thousand dollars ($1,000.00), or both. Notwithstanding any other provision of law, the term of probation imposed by a court under this paragraph may exceed the maximum term of imprisonment established for this offense under this paragraph provided the term of probation, together with any extension thereof, shall in no case exceed two (2) years;

(ii) A person convicted upon a plea of guilty or no contest or found guilty of a third or subsequent offense under this subsection against any other household member, after having been convicted upon a plea of guilty or no contest or found guilty of a violation of W.S. 6–2–501(a), (b), (e) through (g), 6–2–502, 6–2–503, 6–2–504 or other substantially similar law of this or any other state, tribe or territory against any other household member within the previous ten (10) years is guilty of a felony punishable by imprisonment for not more than five (5) years, a fine of not more than two thousand dollars ($2,000.00), or both.

Wyo. Stat. Ann. § 6–2–501(f)(i) and (ii) (LexisNexis 2009).

[¶ 23] The State insists that upon close scrutiny of the statute, Garnica's arguments fall short. Specifically, the State argues that because the term "battery" is given no exclusive definition by the statute, the penalty enhancement can apply even outside of a person causing bodily injury to another by use of physical force. The State argues a generalized use of the term battery in the penalty enhancement provision of the statute is applicable to all of the conduct described in subsections (b) and (g) of the statute, and compares the enhancement options for battery to those of simple assault. However, this seems to be overreaching by the State.

[¶ 24] The plain language of the statute is clear. A conviction of § 6–2–501(g) can be used to enhance a battery to a felony under operation of subsection (f)(ii) when it says, "A person convicted upon a plea of guilty or no contest or found guilty of a third or subsequent offense under this subsection against any other household member, after having been convicted upon a plea of guilty or no contest or found guilty of a violation of W.S. 6–2–501(a), (b), (e) through (g)[.]" However, we do not believe that equates battery to unlawful contact for the purposes of sentence enhancement. Both of those terms are used purposefully in the statute and each is categorically defined, apart from the other.

[¶ 25] The trial court mistakenly determined that there was an available enhancement under the statute with which Garnica was charged. Wyo. Stat. Ann. § 6–2–501(g). In looking at the statute, the felony enhancement is actually contained in subsection (f)(ii). To qualify for a felony, a person must be found guilty of a third or subsequent offense under (f)(ii). This subsection can only refer to subsection (f). Subsection (f) clearly states that only a person who commits a second or subsequent "battery" is subject to the enhancements enumerated in subsections (i) and (ii), and it does not include a person convicted of "unlawful contact."

[¶ 26] Accordingly, the sentence imposed by the trial court was an improper interpretation of the statute and, thus, is an illegal sentence. Unlawful touching, as it is used in § 6–2–501(g), can only be a misdemeanor and subject to the penalties in § 6–2–501(h): "An unlawful contact under subsection (g) of this section is a misdemeanor punishable by imprisonment for not more than six (6) months, a fine of not more than seven hundred fifty dollars ($750.00) or both." Garnica was sentenced to 2 to 5 years on Count II.[1] We, therefore, remand to the

---

1. The Judgment erroneously recites that Count II    is a violation of § 6–2–501(b), which is contrary

district court for resentencing in accordance with this result.

## CONCLUSION

[¶ 27]   The trial court did not abuse its discretion in allowing amendment of the Information after the case was submitted to the jury, and Garnica suffered no prejudice. However, the trial court imposed an illegal sentence regarding Count II. We, therefore, remand this case to the trial court for resentencing in accordance with this opinion. Affirmed in part, reversed in part, and remanded.

to the Amended Information.  It should read § 6–2–501(g) and should be corrected on re-

