# IN THE SUPREME COURT, STATE OF WYOMING

## 2015 WY 50

**OCTOBER TERM, A.D. 2014**

**March 27, 2015**

ZEBADIAH WILLIAM HARRIS,

Appellant
(Defendant),

v.                                                          S-14-0206

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Natrona County*
*The Honorable W. Thomas Sullins, Judge*

*Representing Appellant:*
    Zebediah Harris, *Pro se.*

*Representing Appellee:*
    Peter K. Michael, Wyoming Attorney General; David L. Delicath, Deputy Attorney General; and Jenny L. Craig, Senior Assistant Attorney General.

*Before BURKE, C.J., and HILL, KITE, DAVIS, and FOX, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**HILL,** Justice.

[¶1] Zebediah William Harris was charged with one count of aggravated assault and battery under Wyo. Stat. Ann. § 6-2-502(a)(i). The State also alleged that Mr. Harris was a habitual criminal. The parties reached a plea agreement and the district court imposed a sentence of twelve to sixteen years in the Wyoming State Penitentiary.

[¶2] Mr. Harris filed a *pro se* motion to correct illegal sentence, alleging that the habitual criminal statute is designed for those who demonstrate a pattern of violent conduct. Mr. Harris argued that the State did not prove a pattern of violent conduct and that a jury must determine whether the pattern of violent conduct was proven. The motion was denied. We will affirm.

## ISSUE

[¶3] We will rephrase Mr. Harris' single issue as follows:

> 1. Did the district court abuse its discretion when it denied Mr. Harris' motion to correct an illegal sentence?

## FACTS

[¶4] In 2010 Zebediah Harris was charged with one count of aggravated assault and battery. Under Wyo. Stat. Ann. § 6-10-201(a)(ii) and (b)(i), Mr. Harris was charged as a habitual offender as well, due to two prior felony convictions.

[¶5] During Mr. Harris' arraignment the district court informed Mr. Harris of the charges against him, including the habitual criminal charge. The district court explained that the aggravated assault and battery charge carried a maximum sentence of ten years and that, because he was charged as a habitual criminal, Mr. Harris faced a minimum of ten years and a maximum of fifty years. Mr. Harris indicated that he understood the charges against him and pleaded not guilty.

[¶6] Prior to trial Mr. Harris and the State reached a plea agreement whereby he would enter an *Alford* plea to the original charges. In exchange, the State agreed to recommend a sentence of fourteen to sixteen years. The district court read the Information and the habitual criminal charge once more, in accordance with W.R.Cr.P. 11, and Mr. Harris told the district court he understood the charges and potential penalties against him. The prosecutor argued at the change of plea hearing:

> [T]his would be his third felony. As outlined, he does have a prior before this Court in a conspiracy to commit a burglary and accessory before the fact, and he also has the prior

1

delivery of a controlled substance, cocaine, out of Sweetwater County, sir. That is CR-01-85. I believe those two would qualify for the enhancement.

Mr. Harris proceeded to plead as planned and the district court sentenced him to twelve to sixteen years of incarceration.

[¶7] Though Mr. Harris filed a Notice of Appeal to this Court on November 10, 2010, he later filed a motion to voluntarily dismiss the appeal. He was also denied a motion for sentence reduction. The present matter began in July of 2014 when Mr. Harris filed a pro se motion to correct illegal sentence. He challenged his sentence enhancement pursuant to the habitual criminal statute. Relying on caselaw from this Court, he argued that the State had not proven a pattern of violent conduct. He also argued, per *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)*,* that a jury must determine if a pattern of conduct was proved. Mr. Harris' motion was denied and this appeal followed.

## STANDARD OF REVIEW

[¶8]       "A motion to correct an illegal sentence under W.R.Cr.P. 35(a) is addressed to the sound discretion of the sentencing court." *Mead v. State*, 2 P.3d 564, 566 (Wyo. 2000). We, therefore, apply our abuse-of-discretion standard in reviewing a denial of a motion to correct an illegal sentence. *Cardenas v. State*, 925 P.2d 239, 240 (Wyo. 1996). The abuse-of-discretion standard of review reaches the question of the reasonableness of the trial court's choice. *Griswold v. State*, 2001 WY 14, ¶ 7, 17 P.3d 728, 731 (Wyo. 2001). Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means exercising sound judgment with regard to what is right under the circumstances and without doing so arbitrarily and capriciously. *Id.*"

*Garnett v. State*, 2014 WY 80, ¶ 6, 327 P.2d 749, 751 (Wyo. 2014).

## DISCUSSION

[¶9] In accordance with Wyoming statutes, a person is a habitual offender if:

    (i)    He is convicted of a violent felony; and

    (ii)    He has been convicted of a felony on two (2) or more previous charges separately brought and tried which

> arose out of separate occurrences in this state or elsewhere.

Wyo. Stat. Ann. § 6-10-201(a)(i)(ii) (LexisNexis 2013).

[¶10] We begin by inquiring into "the ordinary and obvious meaning of the words employed by the legislature according to the manner in which those words are arranged." *State v. Juarez*, 2011 WY 110, ¶ 5, 256 P.3d 517, 518 (Wyo. 2011) (quoting *Garnica v. State*, 2011 WY 85, ¶ 21, 253 P.3d 489, 493 (Wyo. 2011)). Unless the language in the statute is ambiguous, this Court is bound by that language and "the results so expressed." *Id.*

[¶11] Mr. Harris is correct that this Court has repeatedly stated that the "intent behind Wyoming's habitual criminal statute is to provide enhanced punishment to an individual who has engaged in a pattern of violent criminal conduct" or for "repeat offenders." *See Kearns v. State*, 2002 WY 97, ¶ 24, 48 P.3d 1090, 1097 (Wyo. 2002); *Urbigkit v. State*, 2003 WY 57, ¶ 56, 67 P.3d 1207, 1227 (Wyo. 2003); *Daniel v. State*, 2003 WY 132, ¶ 33, 78 P.3d 205, 216 (Wyo. 2003); *Brown v. State*, 2004 WY 119, ¶ 16, 99 P.3d 489, 497 (Wyo. 2004); *Smith v. State*, 2009 WY 2, ¶ 59, 199 P.3d 1052, 1069 (Wyo. 2009).

[¶12] This Court's statements regarding the habitual criminal statute have not altered its plain language. Under the plain language of the statute Mr. Harris qualifies as a habitual criminal. He pleaded guilty to aggravated assault and battery which is considered to be a violent felony. *See* Wyo. Stat. Ann. § 6-1-104(a)(xii) (LexisNexis 2013). Mr. Harris also has two previous felony convictions stemming out of two different events – one conviction for conspiracy to commit burglary and accessory before the fact and one conviction for delivery of cocaine. His conduct falls directly within the habitual offender statute. Thus, the district court properly enhanced his sentence to twelve to sixteen years within the enhanced penalty range of ten to fifty years under Wyo. Stat. Ann. § 6-10-201(b)(i) (LexisNexis 2013).

[¶13] Finally, Mr. Harris cites *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), for the proposition that a jury should have determined whether he displayed a pattern of violent conduct. Because Mr. Harris pled guilty, we need not address *Apprendi* and Mr. Harris' argument on this point.

[¶14] Affirmed.